Form 240A - Reaffirmation Agreement (1/07)

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br><br><br>Debtor(s).<br>☐ Presumption of Undue Hardship<br>☐ No Presumption of Undue Hardship<br>(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.) | |
| Creditor's Name and Address:<br><br><br><br>☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act | CHAPTER:<br><br>CASE NO.:<br><br>**REAFFIRMATION AGREEMENT** |

# REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☐ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)  
☐ Part B: Reaffirmation Agreement  
☐ Part C: Certification by Debtor's Attorney  
☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement  
☐ Part E: Motion for Court Approval  

*[**Note:** Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. **Note also:** If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

1.  **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:    $_____

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| | Debtor(s). | |

**ANNUAL PERCENTAGE RATE**

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,

the amount of each balance and the rate applicable to it are:
$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| | Debtor(s). | |

Item or Type of Item                    Original Purchase Price or Original Amount of Loan

*Optional*---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

**Repayment Schedule:**

Your first payment in the amount of $_____ is due on _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*— Or —*

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

**2. INSTRUCTIONS AND NOTICE TO DEBTOR**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

---

This form is mandatory.  It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
|  | Debtor(s). |  |

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT**

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A ''lien'' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor ''may'' do, it does not use the word "may" to give the creditor specific permission. The word ''may'' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

This form is mandatory.  It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

| In re<br>MARK TURNER | (SHORT TITLE) | CASE NO.: 8:07-12539-TA |
|---|---|---|
| | Debtor(s). | |

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Credit agreement dated June 8, 2007 secured by the 2006 Honda Pilot.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:
   None

SIGNATURE(S):

Borrower:

Mark D. Turner
(Print Name)

*Mark D. Turner*
(Signature)
Date: 9/12/07

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)
Date: _____

Accepted by creditor:

Eagle Community Credit Union
(Printed Name of Creditor)

PO Box 5196 El Toro, CA 92609
(Address of Creditor)

*Sue Dubocq*
(Signature)

Sue Dubocq
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance: _____

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

Reaffirmation Agreement - *Page 8 of 9*

| In re<br>MARK TURNER | (SHORT TITLE)<br>Debtor(s). | CASE NO.: 8:07-12539-TA |
|---|---|---|

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Joseph A. Weber

Signature of Debtor's Attorney:

Date: 9/17/07

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

Revised January 2007

| In re<br>MARK TURNER | (SHORT TITLE) | CASE NO.: 8:07-12539-TA |
|---|---|---|
| | Debtor(s). | |

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, __OR__, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 __and__ your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ __1,825.00__, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: __N/A  With the cutting of expenses, I believe I will be able to make this payment.__

(Use an additional page if needed for a full explanation.)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: __N/A__
(Debtor)

__N/A__
(Joint Debtor, if any)

Date: _____

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: __Mark D. Turner__
(Debtor)

_____
(Joint Debtor, if any)

Date: __9/12/07__

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*Revised January 2007*

# EXHIBIT A

**EAGLE COMMUNITY CREDIT UNION**
Eagle Community Credit Union
P.O. Box 5196
Lake Forest, CA 92609-8696
(949) 588-9400 • (800) EAGLE CU
FAX (949) 460-8788
*Where community counts... one member at a time.*

**LOAN AGREEMENT AND CONSUMER CREDIT DISCLOSURE STATEMENT ("Agreement")**

You promise to pay the amount borrowed, plus interest, other permitted charges and fees, to the order of Eagle Community Credit Union ("Lender") or assignee, according to the terms of this Agreement (including those set forth in the Federal Truth-In-Lending Disclosure). Numbers, phrases or words preceded by a ☐ are applicable only if the ☐ is marked, e.g. ☒.

In this Agreement the use of the words "Credit Union", "We", "Us" and "Our" mean Eagle Community Credit Union. The Borrower(s) and any Co-Signer(s) of the Agreement, individually and collectively, are sometimes referred to as "You" or "Your". "e" Means an estimate, "n/a" Means not applicable.

Borrower(s): MARK D. TURNER
22672 Lambert St. Suite 613
Lake Forest CA 92630

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. | AMOUNT FINANCED<br>The amount of credit provided to You or on Your behalf. | TOTAL OF PAYMENTS<br>The amount You will have paid when You have made all scheduled payments. | DATE | ACCOUNT NUMBER |
|---|---|---|---|---|---|
| 6.740 % | $ 6,201.40 | $ 27,935.00 | $ 34,136.40 | 06/08/07 | 93831-06 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 71 | 474.12 | Beginning 07/22/2007 |
| 1 | 473.88 | Ending 06/22/2013 |

**DISCOUNTED RATE**
Your ANNUAL PERCENTAGE RATE has been discounted by 0.250 % percentage points because You have elected to have Your payments made via Automatic Payment. If the Automatic Payment is cancelled for any reason, Your ANNUAL PERCENTAGE RATE will immediately increase by the amount of such discount. An increase in the ANNUAL PERCENTAGE RATE will affect the amount of Your scheduled payments. For example, if You have a loan for $10,000 at 6.50% for 60 months and the Interest Rate increases to 7.50% in 12 months, Your payment would increase from $196.66 to $199.49.

You may obtain property insurance from anyone You want that is acceptable to the Credit Union.
☐ Required Deposit: The Annual Percentage Rate does not reflect Your required deposit.
Assumability: Your loan is not assumable.
Security: You are giving a security interest in:
☒ The goods or property being purchased.
☒ Personal property (other than household goods or any dwelling) securing other loans with Us.
☒ Your present and future shares or deposits in the Credit Union
☐ Other _____

Prepayment: If You pay off early, You will not have to pay a penalty.
Late Charge: If Your payment is 10 or more days late, You will be charged the greater of $10 or 10.00% of the payment due.
Filing Fee $ N/A   Non-Filing Insurance $ N/A
See Your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Simple Interest Rate of 6.740 % per Annum.

| Itemization of Amount Financed of | $ 27,935.00 | Amount Paid to Others on Your Behalf: | |
|---|---|---|---|
| Amount Given to You Directly | $ | HONDA FINANCIAL | 26,416.73 |
| Amount Paid on Your Account | $ 1,158.27 | GAP | 360.00 |

**Insurance:** Credit Life and Credit Disability Insurance are not required to obtain credit and will not be provided unless You agree to pay the additional cost and sign below. A portion of this amount may be retained by or returned to Us. THIS DOES NOT GUARANTEE YOU HAVE CREDIT INSURANCE. CREDIT INSURANCE MUST BE ELECTED USING A SEPARATE FORM.

| Type | Premium | Signature-Check and Sign | | | Age/Birth Date |
|---|---|---|---|---|---|
| SINGLE DECREASING LIFE | | Single Decreasing Credit Life Insurance | ☐ You Want | ☒ You Do Not Want | Borrower: 47 |
| JOINT DECREASING LIFE | | Joint Decreasing Credit Life Insurance | ☐ You Want | ☒ You Do Not Want | |
| DISABILITY | | Credit Disability Insurance *[signature] Mark Turner* | ☐ You Want | ☒ You Do Not Want | Co-Borrower: |
| | | Signature _____ | | | |

**Security Interest.** To secure all obligations of Borrower(s) hereunder to the Credit Union, You give a security interest and lien in and upon the following property, including any and all accessions, related insurance proceeds or insurance premium refunds.

| Year | Make | Model | V.I.N./Serial No. | Key/Lic. No. |
|---|---|---|---|---|
| 2006 | HONDA | PILOT-V6 UTILITY 4D | 5FNYF28536B040046 | |

Other:

Further paragraphs of this Agreement are set forth on the additional page entitled "Additional Provisions of Agreement", and You agree to be bound by all of the provisions of this Agreement.

NOTICE: You understand and agree that by endorsing or negotiating the loan proceeds check related to this Agreement (check number) _____, that You acknowledge receiving a copy of this Agreement (and Exhibits, if any) that You have read it in its entirety and that You accept and agree to all of the terms thereof including the provisions set forth in this Agreement.

Signatures: You have signed this Agreement on 06/08/07 and acknowledge that You have read it, that You understand it, and that You have received a completely filled-in copy of it.

X *Mark D Turner*
Signature of Borrower

X _____
Signature of Borrower    ☐ Owner of Collateral (other than Borrower)

X _____
Signature of Borrower

X _____
Witness

**Co-Signer:** You understand that You are fully liable to pay any amounts due under this Agreement. The Credit Union does not have to make any demand on any other person obligated under this Agreement, nor take any steps to repossess any Collateral before demanding that You pay any amount. You have read this entire Agreement, You understand it, and You agree to be bound by all of the terms.

Name of Co-Signer (Please Print)

X _____
Signature of Co-Signer    Date

Street Address    City    County    State    Zip

Copyright Oak Tree Business Systems, Inc., 2000 - 2006. All Rights Reserved.    Page 1 of 2    OTBS 011A EAGL (9/06)

## ADDITIONAL PROVISIONS OF AGREEMENT

1. **LIABILITY OF PARTIES.** Each person who signs this Agreement as a Borrower or Co-Signer or who endorses or negotiates the loan proceeds check related to this Agreement (other than a Dealer/Payee) and whose name appears on the front of this Agreement as Borrower or Co-Borrower agrees to be individually and jointly obligated to pay Your loan in accordance with the terms and conditions of this Agreement. Any person who signs this Agreement or the loan proceeds check related to this Agreement and checks the box preceding "Owner of Collateral (other than Borrower)" does so voluntarily and solely to give a security interest in the collateral shown in the Security Interest section in this Agreement, but is not personally liable for any indebtedness created by this Agreement.

2. **INTEREST.** Interest will be charged on the unpaid balance of Your loan at the Simple Interest Rate designated in this Agreement until Your balance is paid in full. Any payment may be made early without penalty, and any early payments will have the result of reducing the total amount of interest paid. Any payment made after the due date will have the result of increasing the total amount of interest paid.

3. **PAYMENTS.** Your payments are to be made in lawful money of the United States according to the Payment Schedule in this Agreement. Any partial prepayment of Your loan will not delay Your next scheduled due date. Payments will be applied first to Late Charges owing, then to Finance Charges due, then to principal. If, when You pay Your last scheduled payment, the amount You pay exceeds Your loan balance, then You give the Credit Union permission to deposit the excess to Your share account.

4. **COLLATERAL.** The Credit Union has been granted a security interest or lien in or upon the Collateral designated in this Agreement or in a separate document such as a Security Agreement, Assignment, Pledge or similar document (the subject matter of such a security interest or lien is referred to as "Collateral" in this Agreement). Except for the Credit Union's security interest or lien, the Collateral is owned free and clear from any adverse claim, security interest or encumbrance other than as now disclosed to the Credit Union. Without the express written consent of the Credit Union, no other liens, security interests or encumbrances will be allowed to attach to the Collateral. You agree to inform the Credit Union immediately if the Collateral is to be moved from Your address shown in this Agreement or at such other address at which You have informed the Credit Union the Collateral is now located. The Collateral shall not be sold or ownership otherwise transferred and at all times the Collateral shall be kept in good repair. The Collateral shall not be used for any unlawful purpose. The Credit Union shall receive the full cooperation of the Borrower, Co-Signer or Owner in obtaining everything that We require to place and/or maintain Our security interest in and/or lien on the Collateral. The Credit Union may examine and inspect the Collateral at any time wherever located. All taxes or assessments on the Collateral shall be paid as they come due, and if not paid, the Credit Union may pay them and shall be entitled to reimbursement or, alternatively, to add any amount so paid to the unpaid balance of Your loan subject to the applicable interest rate.

   Collateral (other than household goods or any dwelling) given as security under this Agreement or for any other loan You may have with Us will secure all amounts You owe Us now and in the future if that status is reflected in the "Truth-In-Lending Disclosure" in any particular Agreement evidencing such debt.

5. **LIEN ON SHARES.** If shares or deposits are pledged as Collateral for this loan, You understand that the balance in Your account(s) on deposit with the Credit Union must be kept at least equal to the balance of Your loan until Your loan is repaid in full. We may, however, permit You to maintain or reduce Your account balances below Your loan balance. If You are in default, the Credit Union may apply all shares (except Keogh Accounts and IRA Accounts) then on deposit to Your loan up to an amount sufficient to repay Your loan.

6. **PROPERTY INSURANCE.** You promise to maintain property insurance on the Collateral in an amount necessary to protect Our security interest in the Collateral, with Us named as loss payee for Our protection. Such insurance shall protect against loss by fire, theft, and collision and will provide "all risks" hull insurance in the case of aircraft or boats and accessories thereto, if any. You may provide the required property insurance through an existing policy or by a policy You independently obtain and pay for from a person of Your own choosing, providing such person is reasonably acceptable to Us. You agree to deliver satisfactory evidence of the insurance policy or, at Our option, with certificates or other satisfactory evidence to Us within any time period specified in any notice from Us or on Our behalf. If You do not get or keep this insurance, We may, at Our sole option, obtain insurance to protect Our interest and add its costs to Your loan and You agree to pay for it (by such means as increasing Your payment or increasing Your loan term). We are under no obligation to obtain insurance on Your behalf. If We do obtain insurance, the cost of obtaining that insurance may be added to Your loan balance, subject to the applicable interest rate. We have the authority to obtain, adjust, settle or cancel insurance and may endorse any party's name on any draft.

7. **DEFAULT.** Your loan shall be in default if any of the following things occur: (a) You do not make any payment or perform any obligation under this Agreement or any other agreement that You may have with the Credit Union; or (b) You have made a false or misleading statement in Your credit application and/or in Your representations to the Credit Union while You owe money on this loan; or (c) You should die, or be involved in any insolvency, receivership or custodia proceeding brought by or against You; or (d) a judgement or tax lien should be filed against You or any attachment or garnishment should be issued against any of Your property or rights, specifically including anyone starting an action or proceeding to seize any of Your funds on deposit with the Credit Union; and/or (e) the Credit Union should, in good faith, believe Your ability to repay Your indebtedness hereunder is or soon will be impaired, or believe the Collateral is endangered, time being of the very essence.

   Upon any occurrence of default, and to the extent permitted by law, We may declare the entire balance of Your loan immediately due and payable, without prior notice or demand. If the entire balance is not then paid immediately upon default, and if permitted by law, the Collateral shall be voluntarily surrendered to the Credit Union at a time and place acceptable to it. If this is not done, to the extent permitted by law, the Credit Union may enter the premises where the Collateral is located and take possession of it and the Credit Union may assert the defense of a superior right of possession as the holder of a security interest to any offense of alleged wrongful taking and conversion. The Credit Union may sell or dispose of the Collateral in any manner permitted by law, and any resulting deficiency on Your loan shall be immediately paid to the Credit Union. You further agree that We may, if necessary and at Our option, improve the Collateral from the state that it is in at the time of repossession to a state that is considered reasonable and customary for normal use of the Collateral and You agree to reimburse Us for any and all costs incurred in the course of such improvements. In the event collection efforts are required to obtain payment under this Agreement, You agree to pay all court costs, private process server fees, investigation fees or other costs incurred in collection and reasonable attorney fees incurred in the course of collecting any amounts owed under this Agreement or in the recovery of any Collateral. As permitted by law, the Credit Union shall have the right to impress and enforce a statutory lien upon the shares and dividends of any member indebted to it, and We may enforce Our right to do so without further notice to You. Additionally, You agree that We may set-off any mutual indebtedness.

   In the event of default, suit, and judgement against You, We have the right to attach or garnishee wages. You expressly waive any limitation to the contrary unless the law prohibits such waiver.

8. **WAIVER OF JURY TRIAL.** Lender and Borrower hereby knowingly, voluntarily and intentionally waive the right they may have to a trial by jury in respect to any litigation arising out of, under, or in connection with this Agreement including, but not limited to, that which may relate to ancillary documentation related to this Agreement, any course of conduct, dealing, statements (oral and/or written), or actions of any party hereto. You understand that this provision is a material inducement for Our entering into this Agreement with You.

9. **ASSUMABILITY.** Your loan is not assumable.

10. **DELAY IN ENFORCEMENT.** We do not lose Our rights under this or any related agreement if We delay enforcing them. We can accept late payments, partial payments, or any other payments, even if they are marked "paid in full" without losing any of Our rights under this Agreement. If any provision of this or any related agreement is determined to be unenforceable or invalid, all other provisions remain in full force and effect.

11. **GOVERNING LAW.** You understand and agree that this Agreement will be governed by the laws of the state in which it is written except to the extent that federal law controls.

## NOTICE TO BORROWER AND ANY CO-BORROWER

By endorsing or negotiating the Loan proceeds check related to this Agreement, (1) You accept and agree to the terms of this Agreement including the provisions in this Agreement; and, (2) You grant Us a security interest or lien in or upon any collateral designated in this Agreement; and, (3) You promise to obtain and maintain property insurance (if applicable) according to the Property Insurance provision above and any "Agreement to Provide Insurance" given to You along with this Agreement.

If You do not agree to any of the terms of this Agreement, do not endorse the loan proceeds check and return this Agreement and check to Us immediately at the address shown on the front of the check.

Borrower's Initials _mT_

# EXHIBIT B

## STATE OF CALIFORNIA

### CERTIFICATE OF TITLE

N89070619FD

VEHICLE HISTORY

**AUTOMOBILE**

| VEHICLE ID NUMBER | YR MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|
| 5FNYF28536B040046 | 2006 | HOND | AKAMAGO |

| BODY TYPE MODEL | AX | UNLADEN WEIGHT | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| UT | | | G | | NONE | 08/28/2007 |

| YR 1ST SOLD | CLASS | *YR | MO | EQUIPMT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|
| 2006 | HA | | NT | | 06/27/07 |

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE: 08/27/2006
ODOMETER READING: 41 MI
ACTUAL MILEAGE

REGISTERED OWNER(S)
TURNER MARK D
22672 LAMBERT ST STE 613
LAKE FOREST CA 92630

I certify under penalty of perjury under the laws of the State of California, that **THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.**

1a. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

1b. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ▓▓▓▓▓▓▓▓ (no tenths), miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

**WARNING** ☐ Odometer reading is not the actual mileage. ☐ Mileage exceeds the odometer mechanical limits.

*I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| DATE | TRANSFEROR/SELLER SIGNATURE(S) | DATE | TRANSFEREE/BUYER SIGNATURE(S) |
|---|---|---|---|
| | X | | X |
| PRINTED NAME OF AGENT SIGNING FOR A COMPANY | | PRINTED NAME OF AGENT SIGNING FOR A COMPANY | |

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S)

EAGLE COMMUNITY CU
PO BOX 5196
LAKE FOREST CA 92609

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

027421    CA 104387482

REG. 17.30RS (REV. 10/03)

**KEEP IN A SAFE PLACE - VOID IF ALTERED**

VOID WITHOUT BEAR WATERMARK. HOLD TO LIGHT TO VIEW.